1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **DELILAH BRAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   6:19-cv-00054-LSC |
| | ) |
| **JOE CHURCH, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## AMENDED ERISA COMPLAINT

Pursuant to Fed. R. Civ. P. Rule 15, and the Order of this Court, Plaintiff submits this her Amended ERISA complaint and shows unto the Court as follows:

## INTRODUCTION

This Amended ERISA Complaint asserts claims bought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq, ("ERISA"), against Walker Rehabilitation Center, Inc. for breaches of contract and its fiduciary duties owed to Plaintiff as a plan participant under 29 U.S.C.§ 1109 and brought pursuant to 29 U.S.C. § 11332(a)(2)

## JURISDICTION

This Court has jurisdiction over this action pursuant to 29 U.S.C. §§1132 (A)(2) "by a participant beneficiary on fiduciary for appropriate relief under 1109 of this title."

## FACTUAL ALLEGATIONS

In addition to the factual allegations in Plaintiff's original Complaint, and those set forth above, Plaintiff adds and/or clarifies the following allegations;

1) As an eligible participating fulltime employee of Walker Rehabilitation Center, Inc., in November of 2014, Plaintiff elected to enroll in certain benefit plans for which she authorized Walker Rehabilitation Center, Inc., to take payroll deductions for Blue Cross Blue Shield and Alliance Medical Supplemental Insurance Company.

2) Walker Rehabilitation Center, Inc. made weekly payroll deduction of $30.00 a week for Blue Cross Blue Shield and $52.00 a week for Alliance Medical Supplemental Insurance.

3

3) Plaintiff made a claim for supplemental insurance on June 26, 2018 and was denied coverage.

## COUNT I:

## CONTRAVENTION

4. Upon information and belief to plaintiff was to start chemotherapy on or about the 26th day of June 2018. Plaintiff had given the medical provider her Alliance Medical Supplement Insurance to pay for her medical treatment.

5. Upon information and belief, Plaintiff paid for her Alliance Medical Supplement Insurance in bi-weekly installments which were deducted from her paycheck by the defendant.

6. Upon information and belief, on or about the 26th day of June 2018, the plaintiff made a claim under said policy for her chemotherapy treatments.

7. On June 26, 2018, the Plaintiff was notified, by her medical providers, that the Alliance Medical Supplement Insurance was invalid.

8. These incidents of failure to provide, are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA").

9. Defendant utterly failed to inform Plaintiff that there was no supplemental insurance and she was denied chemotherapy due to Defendant's failure to forward the monies which were withdrawn from her pay as agreed upon in November of 2014.

10. In view of the foregoing, Plaintiff asks this Court for a judgment pursuant to 29 U.S.C. § 1132(a)(2) awarding appropriate relief to Plaintiff to remedy the contravention.

## COUNT II:

## FIDUCIARY DUTY

11. Plaintiff Brand realleges and incorporates by reference herein each and every allegation set forth above.

12. Plaintiff trusted her employer to make the payments, as stipulated, to Alliance Supplemental Insurance Company.

13. At that time, the Defendants assumed the responsibility to withhold the agreed upon amount from plaintiff's paycheck and forward the amount to Alliance Supplemental Insurance Company.

14. On the 26th day of June 2018, the plaintiff discovered she had no insurance as provided by Alliance Supplemental Insurance.

5

15.     Plaintiff was informed by and employee at Baptist Medical Center, Walker County, that she had no Supplemental Insurance and could not receive the ordered chemotherapy.

16.     Plaintiff recognized she could no longer count on the Defendants to forward her payment to Alliance Supplemental Insurance Company.

17.     Plaintiff was never notified by any of the Defendants that she did not have any supplemental insurance coverage.  The Defendant failed to adhere to his fiduciary duty which is subject to Part 4B of Title I of ERISA " Subtitle B of Title I of ERISA 29 USCS §§ 1109 §409 (a) {breach of fiduciary duty}

18.     In view of the foregoing, Plaintiff asks this Court for a judgment pursuant to 29 U.S.C. § 1109; in as much as a prudent person in the position of the Defendant Walker Rehabilitation Center, Inc., would have acted promptly to effectuate the wishes of Plaintiff and in her best interest as mandated by 29 U.S.C. § 1104 (1)(b) "with the care, skill, prudence, and diligence under the circumstances them prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

19. Plaintiff was damaged by said breach of fiduciary duty in that the failure to pay the premiums has caused her to be unable to receive the chemotherapy and thus her health has rapidly declined.

20. In view of the foregoing, Plaintiff asks this Court for a judgment pursuant to 29 U.S.C. §1132(a)(2) awarding appropriate relief to Plaintiff to remedy the breach of fiduciary duty by the Defendants and for other appropriate relief, including equitable and or remedial relief as the Court may deem appropriate in accordance with its authority as set forth in 29 U.S.C. § 1109.

21. In view of the foregoing, Plaintiff asks this Court for an award of all costs incurred in this action, including reasonable attorney's fees, pursuant to 29 U.S.C. § 1132 (g)(1).

.

## COUNT III

## FRAUD

Paragraph 1-22 are herein incorporated by reference as if set out in full.

23. The employees, of the defendant(s) were led to believe Alliance Supplemental Insurance would be provided for them. Plaintiff discovered the defendant(s) had deceived her when she attempted to use the supplemental insurance for chemotherapy treatments. Plaintiff was denied necessary chemotherapy since there was no supplemental insurance.

24. The defendant intentionally deceived and concealed through the act of fraud the fact the premiums were not being paid to Alliance Supplemental Insurance Company even though they were being removed from Plaintiffs pay every pay period.

25. Upon information and belief, defendant was charged with the duty to tell his employees that he was not making the payments, as it was understood when Plaintiff agreed to have said monies removed from her paycheck under ERISA.

26. Defendant(s) misrepresented the fact Alliance Supplemental Insurance was no longer valid since the monies were not being paid and Defendant(s) was doing so with the intent to deceive.

27. Defendants Walker Rehabilitation Center, Inc and Alliance Medical Supplemental Insurance utterly failed to make Plaintiff aware there was no insurance coverage for necessary medical treatments.

8

28. In view of the foregoing, Plaintiff asks this Court for a judgment pursuant to 29 U.S.C. § 1132(a)(2) awarding appropriate relief to Plaintiff to remedy the deceitful actions by the Defendants and for other appropriate relief, including equitable and or remedial relief as the Court may deem appropriate in accordance with its authority as set forth in 29 U.S.C. § 1109.

29. Furthermore, Plaintiff asks this Court for an award of all costs incurred in this action, including reasonable attorney's fees, pursuant to 29 U.S.C. § 1132(g)(1).

## COUNT IV:

## EMBEZZELEMENT

Paragraph 1-29 are herein incorporated by reference as if set out in full.

30. On the day of employment Plaintiff understood money was being withheld from her wages for payment of an insurance premium to Alliance Supplemental Insurance Company as set forth by the guidelines of ERISA.

31. Under information and belief, defendant(s) was obligated to pay the premiums on the insurance policies which had been improperly removed from her wages.

9

32. The refusal of the defendant(s) to pay the monies withdrawn from the Plaintiff's paycheck and covert it caused the plaintiff to be refused chemotherapy and to suffer additional medical consequences.

33. The defendants onerous conduct, in failing to pay the money that belonged to the Plaintiff to the insurance provider, actively equaled conversion.  See 18 USCS § 1029 {relating to fraud and related activity in connection with access}

34. In view of the foregoing, Plaintiff asks this Court for a judgment pursuant to 29 U.S.C. § 1132(a)(2) awarding appropriate relief to Plaintiff to remedy the deceitful actions by the Defendants and for other appropriate relief, including equitable and or remedial relief as the Court may deem appropriate in accordance with its authority as set forth in 29 U.S.C. § 1109.

35. Furthermore, Plaintiff asks this Court for an award of all costs incurred in this action, including reasonable attorney's fees, pursuant to 29 U.S.C. § 1132(g)(1).

36. Additionally, Plaintiff respectfully request this Honorable Court to allow them to revisit all claims after discovery has been completed.

Respectfully Submitted,

/s/Byron McMath
Byron McMath
Attorney for Plaintiff
301 West 20th Street
Jasper, AL  35501
(205) 221-2826
bgm@mcmathlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 16th day of May 2019, served by via electronically and mailed a hard copy of the above referenced item to all parties of record, namely:

Edward M. Weed
Martin Weed, LLC
3900 Montclair Road, Suite 290
Birmingham, Alabama  35212
(205)443-6661
Counsel for Joe Church and
Walker Rehabilitation Center, Inc.