FILED

2019 Aug-27  PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| Delilah Brand, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 6:19-cv-00054-LSC |
| | ) | |
| Joe Church and Walker | ) | |
| Rehabilitation Center, Inc., | ) | |
|       Defendants. | ) | |

### THIRD AMENDED COMPLAINT

COMES NOW the Plaintiff and pursuant to the Motion to Amend her Second Amended ERISA Complaint (Doc 28), clarifies certain allegations and says as follows:

### The Parties, the Plan and Venue

1.    The Plaintiff, Delilah Brand (referred to as Ms. Brand) is a resident of Walker County, Alabama.

2.    Ms. Brand is a participant in a welfare benefit plan for supplemental or gap insurance provided by her employer, Defendant Walker Rehabilitation Center, Inc, (referred to as Walker Rehab).

3.    Walker Rehab operates a facility to provide rehabilitation and nursing home care in Walker County, Alabama, which is the location at which Ms. Brand has worked at all material times.

4.     The Defendant Joe Church (referred to as Mr. Church) is the sole owner of Walker Rehab and controls and/or is responsible for its actions.   He is also the owner of several other rehabilitation and nursing home facilities.   The Defendants Walker Rehab and Mr. Church are individually and/or jointly and/or severally liable for any breach of fiduciary duty claims that arise under 29 U.S.C. §1132(a)(2) and (3).

5.     Upon Plaintiff's information and belief, several rehabilitation and nursing home facilities owned by Mr. Church have employees who participate in the same supplemental insurance welfare benefit plan as Ms. Brand.

6.     Upon Plaintiff's information and belief, Walker Rehab was the plan administrator and owed fiduciary duties to all plan participants including Ms. Brand. Further, upon Plaintiff's information and belief, Mr. Church made all decisions for the plan administrator.

7.     This welfare plan or plans, all claims made thereunder, and all breaches of duty are governed by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §1001, *et seq.*

8.     Venue in this case is proper where Defendants may be found, and where Ms. Brand performed her occupation which is in Walker County, Alabama.  Venue is proper in this Court.

-2-

**Facts Common to All Counts**

9.     The Defendants committed several wrongs by relating to a secondary or supplemental health insurance plan for its employee participants. The plan is governed by ERISA (Employee Retirement Income Security Act[1]).

10.    Ms. Brand was a participant in this plan beginning in 2016.

11.    This type health insurance plan assists participants with limited financial means who have health insurance benefits with a high deductible and co-pay.  Many are typically not able to afford a $500 or more deductible or co-pay. Thus, the supplemental insurance fills the gap providing peace of mind that needed medical care could be obtained when needed.

12.    Ms. Brand, a widow with limited financial means to support herself, typically lives paycheck to paycheck. It was financially impossible for Ms. Brand to pay a $500 deductible.  She relied on the supplemental health insurance in order to afford medical care when needed.

13.    The value of the benefit was that it was known as to what company was providing the benefit and that it was available to be utilized when needed.

---

[1] As found at 29 U.S.C. §1001 *et seq.*

14.    Participation in the plan required Ms. Brand to authorize deductions from her paychecks, and then for Defendants to remit the same specifically and solely for payment of premiums to fund the supplemental insurance.  The monies were held in trust until the time for payment of the premiums was due to be remitted.

15.    Unfortunately for several months at various times, Walker Rehab seized the trust monies deducted from Ms. Brand's paychecks and the paychecks of other participants, and used them for other purposes.  Walker Rehab failed to remit those premiums to the insurance company, and thus the coverage lapsed.

16.    Defendant Walker Rehab never informed Ms. Brand that the coverage had lapsed, nor did it reveal that it had engaged in self-dealing by using the payroll deductions for company expenses or profit instead of the mandated purposes.

17.    Defendant Church knew about and/or directed the actions of Walker Rehab.  Mr. Church also did not inform Ms. Brand and other participants about this wrongful activity. He financially benefited from the retention and use of the trust monies.

18.    These actions violated the duties of loyalty, care and prudence owed to the plan and all plan participants for the supplemental insurance welfare benefit plan. The actions devalued the plan benefit for Ms. Brand.

19.    During this lapse of coverage, Ms. Brand received dreadful news from her doctor, that certain lumps in her neck may be cancerous. She needed a biopsy to confirm whether the lumps were malignant.

20.    In June of 2018, Ms. Brand was informed by the medical provider that her supplemental insurance had terminated several months ago, and therefore without payment of the $500 deductible, the provider could not offer medical services. Ms. Brand did not have $500.

21.    Ms. Brand complained to Walker Rehab about this, and this Defendant acknowledged there was a problem, and that its managing employees were trying to "fix it."

22.    While these efforts to "fix" the problem were under way, Walker Rehab made a loan to Ms. Brand for $500. Ms. Brand provided the check to the medical provider and obtained the biopsy.

23.    Several weeks later, Ms. Brand needed further medical care. Ms. Brand was again informed that her coverage remained terminated. Ms. Brand could not receive the medical care as a result of the lack of

supplemental insurance. A claim was filed with the provider and the claim was rejected due to termination of the coverage.

24.     Walker Rehab now contends that there was coverage in place effective June 1, 2018, *before it made the loan*, but with a different company.  This contention reflects that the Defendants Walker Rehab and Joe Church engaged in further self-dealing, by failing to cause the *reinstatement* of the lapsed coverage.  Upon Ms. Brand's information and belief, reinstatement would require submission of all past-due payments which Defendants sought to avoid.  This action of obtaining new coverage was taken to benefit the Defendants rather than plan participants and the plan.

25.     The alleged "new" insurance carrier information was not provided to Ms. Brand so that she could timely file clams with the new carrier.  She did not timely know about a new company, if such existed.  Nor did her medical providers. This failure further devalued the benefit for Ms. Brand.

26.     The "new" plan document, provided in connection with this litigation, reflects that notice of a claim was mandated within 15 days, and proof of claim was required within 90 days of the loss.  The loss was in June of 2018.  These time limit provisions in the alleged "new" plan have passed

long ago.   Thus Ms. Brand is precluded from exhausting administrative remedies required by ERISA and thus it is futile to file suit against this "new" carrier. The Defendants' failure to promptly provide plan documents caused this inability for Ms. Brand to follow and exhaust the claim remedies.

27.   Ms. Brand was not informed by Walker Rehab or Mr. Church that the plan through which Ms. Brand sought coverage was terminated and remained terminated and thus Defendants did not "fix it."  That resulted in the medical provider again noting the coverage was terminated with the only known provider.  Ms. Brand was refused medical care, unless she paid the co-pays and deductibles required.

28.   Walker Rehab failed to provide copies of plan documents and the summary plan description to the plan participants.  When changes were made, information regarding the new company was not timely and promptly provided.

29.    Walker Rehab and Joe Church have failed to honor the basic minimum requirements of ERISA, and in fact violated its mandatory prohibitions against self-dealing, disloyal conduct, and imprudent care.

30.   No exhaustion of the remedies available against these Defendants was ever made known to the Plaintiff nor is such contained in any plan document.

## COUNT I – Brought Under ERISA §502(a)(2)

31.    The Plaintiff incorporates by reference all previous paragraphs of this Complaint.

32.    This Count is brought under 29 U.S.C. § 1132(a)(2) and seeks to recover for breaches that impaired the value of plan assets used to pay premiums and devalued and caused termination of Ms. Brand's certificate of coverage and/or account with the supplemental insurer.

33.    Defendants Mr. Church and Walker Rehab damaged the value of the certificates of other plan participants as well.  Defendants have benefitted from their wrongful actions in violation of 29 U.S.C. §1106. These Defendants have violated their duty of loyalty, care and prudence.

34.    Due to the devaluing and thus the loss of the plan benefit, participants were thwarted from seeking medical care they may have otherwise obtained.  Ms. Brand The plan benefit was not available when needed and thereafter the company providing the benefit had been switched thus depriving Ms. Brand of the value of the benefit.

35.    Ms. Brand seeks a surcharge, make whole remedy, and attorney's fees as may be recoverable under this code provision and 29 U.S.C. § 1132 (g).

**WHEREFORE**, the Plaintiff demands judgment against the

Defendants, Mr. Church and Walker Rehab as follows:

    a.  For restitution to the plan of all monies withheld and restitution from the plan to the Plaintiff of all monies she contributed with interest at 1.5% per month;

    b.  For an award of costs, attorneys' fees and case expense under 29 U.S.C. §1132;

    c.  For a surcharge remedy to deter Defendants from engaging in such conduct; and such other equitable relief as may be provided under the law.

## Count II Relief Under ERISA §502(a)(3)

36.    The Plaintiff incorporates by reference all previous paragraphs as if set forth here in full.

37.    This Count is brought pursuant to 29 U.S.C. § 1132 (a)(3).

38.    Walker Rehab had a duty to disclose that it had misappropriated funds from the supplemental health insurance plan, that its actions had devalued the certificate of insurance for supplemental coverage and caused the termination of the insurer's participation in funding the benefit.

39.    Mr. Church had a duty to disclose to plan participants that Walker Rehab had caused the termination of the supplemental health

insurance benefit coverage, and that he had personally benefitted from these actions.

40.    Walker Rehab and Mr. Church had a duty to cause the reinstatement of the supplemental insurance plan back to the date of the plan termination as opposed to leaving a gap in coverage.

41.    Walker Rehab and Mr. Church profited by seizing plan assets intended solely to pay for supplemental health insurance.

42.    After obtaining a different insurance company to fund the plan, Walker Rehab had a duty to provide plan documents promptly and with adequate time so that the change in coverage could be utilized by plan participants including Ms. Brand.

43.    Walker Rehab and Mr. Church breached these duties and thus precluded Ms. Brand from participation in the supplemental health insurance plan and caused her financial loss and the inability to obtain necessary medical care in a prompt manner.

**WHEREFORE,** the premises considered, the Plaintiff seeks equitable relief as allowed by law and for specific equitable relief under 29 U.S.C. § 1132 (a)(3) as follows:

a. For "make whole" relief to make Ms. Brand whole by requiring Defendants to pay all benefits the supplemental insurance, which

Ms. Brand believed she had in place, would have provided had the coverage not lapsed;

b. For an injunction against Defendants from reporting to any taxing authority, governmental entity or any other person or entity, that the alleged payment of $500 for the Plaintiff in early June of 2018 was a "loan" made to the Plaintiff, and that Defendants be ordered recharacterize that check as a payment toward "make whole" relief;

c. For interest on all "make whole payments" made, at 1.5% per month commencing thirty (30) days after the attempts to obtain coverage;

d. For an award of attorney's fees, costs of this action, and case expenses;

e. For such other equitable relief as the Court may provide and find to be just and proper; and

f. For a surcharge remedy significant enough to deter the Defendants from engaging in this conduct again.

Respectfully submitted,

*/s/ David P. Martin*
David P. Martin
(ASB-3500-M68D)
The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402
Ph.: (205) 343-1771
Facsimile: (205) 343-1781
david@erisacase.com
*Attorney for the Plaintiff*

Byron McMath
McMath Law Firm, PC
P.O. Box 2445
Jasper, AL 35502
Ph.: (205) 221-2826
bgm@mcmathlawfirm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court on the 27th day of August, 2019, using the CM/ECF system and service on all parties of record below will be made through the Court's electronic filing system.

Edward M. Weed, Esq.
Martin Weed, LLC
3900 Montclair Road, Suite 290
Birmingham, AL 35213
emweed@martinweedllc.com
*Attorney for the Defendant*

*/s/ David P. Martin*
David P. Martin

-12-